UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARCOS HERNANDEZ,

      Plaintiff,

  -against-            **COMPLAINT**

PETER'S LA CITTADELLA INC. d/b/a
UBALDO'S RESTAURANT and UBALDO
GENNARINI,

      Defendants.
------------------------------------------------------------------X

  Plaintiff Marcos Hernandez ("plaintiff" or "Hernandez") by his attorneys Pechman Law Group PLLC, complaining of defendants Peter's La Cittadella Inc. d/b/a Ubaldo's Restaurant ("Ubaldo's") and Ubaldo Gennarini (collectively, "defendants"), alleges:

## NATURE OF THE ACTION

  1. Plaintiff brings this action to recover unpaid overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Section 190 *et seq.* of the New York Labor Law ("NYLL").

  2. Peter's La Cittadella Inc. does business as Ubaldo's, an Italian restaurant in Farmingdale, New York.

  3. For the last ten years, Hernandez worked as a cook and food preparer over fifty hours per week at Ubaldo's.

  4. Defendants paid Hernandez a fixed amount each week for all hours worked.

  5. Defendants failed to compensate Hernandez with overtime wages for hours that he worked in excess of forty per workweek, and failed to provide spread-of-hours pay.

6. Defendants also failed to furnish Hernandez with wage notices or accurate wage statements.

7. Hernandez seeks declaratory relief against defendants' unlawful actions, compensation for unpaid overtime wages and unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

8. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because all events giving rise to this action occurred at Ubaldo's, which is operated by defendants and located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

10. Hernandez resides in Hicksville, New York.

11. Defendants employed Hernandez from August 25, 2006 through August 22, 2016.

12. When working at Ubaldo's, Hernandez was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

13. Hernandez was a covered, non-exempt employee of defendants within the meaning of the FLSA and NYLL.

**Defendants**

14. Defendant Peter's La Cittadella Inc. is a New York corporation that owns, operates, and does business as Ubaldo's.

15. Ubaldo's is located at 346 Main Street, Farmingdale, New York 11735.

16. Ubaldo's has an annual gross volume of sales in excess of $500,000.

17. Ubaldo's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Ubaldo's is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. Ubaldo Gennarini ("Gennarini") is the owner of Ubaldo's.

20. Throughout Hernandez's employment, Gennarini hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay, work, and scheduling policies at Ubaldo's.

21. Gennarini hired and fired Hernandez, directed and assigned his daily work duties, set his weekly salary, and set his work schedule.

22. Gennarini exercised sufficient control over the operations at Ubaldo's to be considered Hernandez's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

23. Hernandez worked as cook and food preparer at Ubaldo's for the last ten years.

24. From August 25, 2006 through in or about August 2015, Hernandez worked six days per week for a total of approximately fifty-six to sixty-four hours per week.

25. On Mondays, Wednesdays, and Thursdays, Hernandez worked from approximately 11:00 a.m. to 9:00 p.m. On Fridays, he worked from approximately 11:00 a.m. to 11:00 p.m. On Saturdays, he worked from approximately 3:00 p.m. to 11:00 p.m., unless there was a special event for which he would start his shift at 11:00 a.m. On Sundays, he worked from approximately 3:00 p.m. to 9:00 p.m., unless there was a special event for which he would start his shift at 11:00 a.m.

26. During this period, defendants paid Hernandez a weekly salary of $1,050, regardless of the number of hours actually worked.

27. Defendants paid $600.00 of Hernandez's weekly salary by personal check and the remaining $450.00 in cash.

28. From in or about August 2015 to August 22, 2016, in addition to his regular schedule, Hernandez worked on Tuesdays, from approximately 11:00 a.m. to 3:00 p.m., totaling approximately sixty to sixty-eight hours worked per week.

29. During the period that Hernandez worked seven days per week, defendants paid Hernandez a weekly salary of $1,125.

30. Defendants paid $600.00 of Hernandez's augmented salary by personal check and the remaining $525.00 in cash.

31. Defendants deducted $160 from Hernandez's wages for holidays on which Ubaldo's was closed and for days Hernandez took off due to illness.

32. Defendants did not pay Hernandez overtime pay for the hours worked over forty per workweek.

33. Defendants did not pay Hernandez spread-of-hours pay for the days in which he worked in excess of ten hours.

34. Additionally, defendants failed to furnish Hernandez with annual wage notices.

35. Defendants also failed to furnish Hernandez with each wage payment an accurate wage statement that stated, *inter alia*, the hours he worked, his rates of pay, and his gross wages.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

36. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

37. Defendants were required to pay plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

38. Defendants failed to pay plaintiff the overtime wages to which plaintiff was entitled under the FLSA.

39. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

40. Due to defendants' willful violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

41. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

42. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1½) times the regular rate of pay for all hours plaintiff worked in excess of forty.

43. Defendants failed to pay plaintiff the overtime wages to which plaintiff was entitled under the NYLL.

44. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

45. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

46. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

47. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which plaintiff worked more than ten hours.

48. By defendants' failure to pay plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

49. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Annual Wage Notices)

50. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

51. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

52. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

53. In violation of NYLL § 191, defendants failed to furnish plaintiff, at the time of hiring or whenever there was a change to his rate of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

54. Due to defendants' willful violations of NYLL § 195(1) prior to December 31, 2014, plaintiff is entitled to statutory penalties of $50 each week that the violation occurred, up to a maximum of $2,500 each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

55. Due to defendants' violations of NYLL § 195(1) since December 31, 2014, plaintiff is entitled to recover from defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FIFTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

56. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

57. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

58. Throughout plaintiff's employment with defendants, defendants paid plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

59. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

60. Due to defendants' willful violations of NYLL § 195(3) prior to December 31, 2014, plaintiff is entitled to recover from defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable

8

attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

61.  Due to defendants' violations of NYLL § 195(3) since December 31, 2014, plaintiff is entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

   a. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

   b. declaring that defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

   c. declaring that defendants have violated the spread-of-hours pay provisions of the NYLL;

   d. declaring that defendants' violations of the FLSA and NYLL were willful;

   e. awarding plaintiff unpaid overtime wages;

   f. awarding plaintiff unpaid spread-of-hours pay;

   g. awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

   h. awarding plaintiff liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

   i. awarding plaintiff pre- and post-judgment interest under the NYLL;

j.   awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

k.   awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 4, 2016

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman, Esq.
Lillian M. Marquez, Esq.
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiff*